# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

NICHOLE GEIST
5226 Castor Ave.
Philadelphia, PA 19124,

     *Plaintiff,*

     v.

IOVINE BROTHERS BAR AND GRILL,
INC. d/b/a MOLLY MALLOY'S
Reading Terminal Market
1136 Arch St.
Philadelphia, PA 19107.

     *Defendant.*

CIVIL ACTION

CASE NO.:

**JURY TRIAL DEMANDED**

## CIVIL ACTION COMPLAINT

Plaintiff Nichole Geist (hereinafter referred to as "Plaintiff") hereby complains as follows against Defendant and avers as follows:

## INTRODUCTION

1.    This action has been initiated by Plaintiff against by Iovine Brothers Bar and Grill, Inc. (hereinafter referred to as "Defendant") for violations of the Americans with Disabilities Act, as amended ("ADA" - 42 U.S.C. §§ 12101 *et. seq.*); the Pennsylvania Human Relations Act ("PHRA"); and the Philadelphia Fair Practices Ordinance, Philadelphia Code § 9-1100 *et seq.* ("PFPO").[1] Plaintiff asserts, *inter alia*, that she was unlawfully terminated by Defendant and suffered other economic harm as detailed herein. As a direct consequence of Defendant's unlawful actions, Plaintiff seeks damages as set forth herein.

---

[1] References to the PHRA and PFPO are made herein only for notice purposes. Plaintiff's case was administratively closed with the EEOC and she has thus been required to timely initiate the instant lawsuit. However, she will seek leave to amend this complaint by adding identical claims (as alleged under the ADA) under the PHRA and PFPO once such claims are also fully administratively exhausted.

## JURISDICTION AND VENUE

2.      This Court, in accordance with 28 U.S.C. 1331, has jurisdiction over Plaintiff's claims because this civil action arises under a law of the United States.

3.      This Court may properly maintain personal jurisdiction over Defendant because Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

4.      Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.  Plaintiff also properly exhausted her administrative remedies to proceed with the cause of actions as set forth herein.

## PARTIES

5.      The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

6.      Plaintiff is an adult individual, with an address as set forth in the caption.

7.      Defendant Iovine Brothers Bar and Grill, Inc. ("Defendant") is an entity incorporated in Pennsylvania which owns and operates a restaurant within the Reading Terminal Market named Molly Malloy's.

8.      Upon information and belief, because of their interrelation of operations, common ownership or management, centralized control of labor relations, common ownership or financial controls, and other factors, Defendant, along with Iovine Brothers Inc. d/b/a Iovine Brothers Produce (hereinafter "IBP") are sufficiently interrelated and integrated in their activities, labor

relations, ownership and management that they may be treated as a single and/or joint employer for purposes of the instant action.

9.     At all relevant times herein, Plaintiff was jointly employed by Defendant and IBP. Defendants and IBP, upon information and belief, had overlapping management and shared resources.

10.     Upon information and belief, IBP and Defendant share employees.

11.     According to the Pennsylvania Department of State, Defendant and IBP have the similar or similar management structure.

12.     IBP utilizes the address 45 N. 12th St., Philadelphia, PA 19107, which is Reading Terminal Market, which is where Defendant is located.

13.     Defendant, individually or collectively with IBP,[2] employed fifteen (15) or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year.

14.     At all times relevant herein, Defendant acted by and through its agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for the benefit of Defendant.

## FACTUAL BACKGROUND

15.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

16.     Plaintiff was employed with Defendant for approximately six months as a staff member in the kitchen at Molly Malloy's.

---

[2] *See Nesbit v. Gears Unlimited, Inc.*, 347 F.3d 72 (3d Cir. 2003), *cert. den'd*, 541 U.S. 959, 124 S. Ct. 1714, 158 L. Ed. 2d 400 (2004) (employees of multiple entities can be aggregated for the purposes of meeting the 15 employee threshold of Title VII. The 15 employee threshold of Title VII is identical to the 15 employee requirement of the ADA. *See Clackamas Gastroenterology Assocs. v. Wells*, 538 U.S. 440, 449 n.7, 123 S. Ct. 1673, 155 L. Ed. 2d 615 (2003); *Kohn v. AT&T Corp.*, 58 F. Supp. 2d 393, 419 (D.N.J. 1999).

17.   While employed with Defendant, Plaintiff performed her job well and was a dedicated and hard-working employee.

18.   In or about January of 2017, while working for Defendant, Plaintiff sustained a work-related injury to her foot, consisting of third-degree chemical burns from chemicals used at Defendant.

19.   Plaintiff still experiences foot pain as a result of the injuries sustained in the aforementioned accident.

20.   As a result of the aforesaid injuries, Plaintiff has been and continues to be substantially limited in several major life activities, including but not limited to – at times – working, walking, running, exercising and other life activities.

21.   Plaintiff reported her injury to Defendant's management, including but not limited to Theresa Iovine (high-level manager), and filed a worker's compensation claim shortly after being injured at work.

22.   After sustaining her aforesaid work-related injury, Plaintiff requested reasonable accommodations in the form of time off from work for her injuries and medical treatment.

23.   Initially, Plaintiff only missed approximately two days from work; however, as her condition began to worsen, Plaintiff was placed out of work from on or about January 13, 2017 through on or about February 3, 2017.

24.   Upon her return to work, Plaintiff also requested accommodations from Defendant in or about February of 2017 including but not limited to infrequent pain breaks for pain flare-ups and occasionally having to attend medical appointments.

25.   After returning from her medical leave of absence on or about February 3, 2017, Plaintiff was treated with hostility and animosity by Defendant's management, including but not

limited to treating her in a rude and demeaning manner, belittling her, and closely scrutinizing her work.

26.     On or about February 15, 2017, Plaintiff was abruptly terminated from her employment with Defendant for completely pretextual reasons.

27.     Defendant's management, including James Iovine (part owner of Defendant), Theresa Iovine, and Vincent Iovine (part owner of Defendant) informed Plaintiff that she was being terminated alleged because she had comped a burger for another manager within Reading Terminal Market, a common practice of employees within Defendant. In fact, Plaintiff's manager gave her his manager's code in order process comps on other occasions and told her she can use it whenever she needs to.

28.     Plaintiff believes and therefore avers that she was terminated: (1) because of her actual, perceived and/or record of disabilities; (2) in retaliation for requesting reasonable accommodations for her health conditions; and/or (3) in retaliation for complaining of discrimination.

**Count I**
**Violation of the Americans with Disabilities Act, as amended ("ADA")**
**([1] Actual/Perceived/Record of Disability Discrimination; and [2] Retaliation)**

29.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

30.     Plaintiff has and continues to suffer from qualifying disabilities under the ADA, including but not limited to foot injuries, which at times limits her ability to perform some daily life activities.

31.     Defendant discriminated against and retaliated Plaintiff by terminating her because of her: (1) known, actual and/or perceived health problems; (2) record of health problems; and/or (3) because of her requested accommodations.

32.     These actions as aforesaid constitute violations of the ADA.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

i.      Defendant is to compensate Plaintiff, reimburse Plaintiff and make Plaintiff whole for any and all pay and benefits Plaintiffs would have received had it not been for Defendant's illegal actions, including but not limited to past lost earnings, future lost earnings, salary, pay increases, bonuses, medical and other benefits, training, promotions, pension, and seniority. Plaintiff should be accorded those benefits illegally withheld (if determined that there are such benefits) from the date she first suffered discrimination/retaliation at the hands of Defendant until the date of verdict;

ii.     Plaintiff is to be awarded punitive damages (in accordance with the Statutes she is suing under), as permitted by applicable law, to punish Defendant for its willful, deliberate, malicious and outrageous conduct and to deter Defendant or other employers from engaging in such misconduct in the future;

iii.    Plaintiff is to be awarded damages for her emotional distress, humiliation and/or pain and suffering as permitted by law (under applicable Statutes);

iv.     Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal and state law;

v.      Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth in applicable federal law; and

vi.    Plaintiff's claims are to receive a trial by jury to the extent allowed by applicable

law.  Plaintiff has also endorsed this demand on the caption of this Complaint in accordance with

Federal Rule of Civil Procedure 38(b).

Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

*/s/ Ari R. Karpf*
Ari R. Karpf, Esquire
Adam C. Lease, Esquire
3331 Street Road
Two Greenwood Square, Suite 128
Bensalem, PA 19020
(215) 639-0801
*Attorneys for Plaintiff*

Date: September 19, 2017

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

|  |  |  |
|---|---|---|
| NICHOLE GEIST | : | CIVIL ACTION |
| v. | : | |
| IOVINE BROTHERS BAR AND GRILL, INC. D/B/A MOLLY MALLOY'S | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                              ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
and Human Services denying plaintiff Social Security Benefits.                                    ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.    ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
exposure to asbestos.                                                                            ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
commonly referred to as complex and that need special or intense management by
the court. (See reverse side of this form for a detailed explanation of special
management cases.)                                                                               ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.              (X )

| | | |
|---|---|---|
| 9/19/2017 | _(signature)_ | Plaintiff |
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 639-0801 | (215) 639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

## UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM** to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 5226 Castor Ave, Philadelphia, PA 19124

Address of Defendant: Reading Terminal Market, 1136 Arch Street, Philadelphia, PA 19107

Place of Accident, Incident or Transaction: Defendant's place of business
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))   Yes☐   No☒

Does this case involve multidistrict litigation possibilities?   Yes☐   No☒
*RELATED CASE, IF ANY:*
Case Number: _____   Judge _____   Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐   No☐

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐   No☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐   No☐

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐   No☐

---

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☒ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
   (Please specify) _____

B. *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify) _____

---

### ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, Ari R. Karpf , counsel of record do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;
☐ Relief other than monetary damages is sought.

DATE: 9/19/2017 _____   _____   ARK2484
                                   Attorney-at-Law      Attorney I.D.# 91538

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 9/19/2017 _____   _____   ARK2484
                                   Attorney-at-Law      Attorney I.D.# 91538

CIV. 609 (5/2012)

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

GEIST, NICHOLE

**DEFENDANTS**

IOVINE BROTHERS BAR AND GRILL, INC.
d/b/a MOLLY MALLOY'S

**(b)** County of Residence of First Listed Plaintiff **Philadelphia**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant **Philadelphia**
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Karpf, Karpf & Cerutti, P.C.; 3331 Street Road, Two Greenwood Square, Suite 128, Bensalem, PA 19020; (215) 639-0801; akarpf@karpf-law.com

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1 U.S. Government Plaintiff | ☒ 3 Federal Question *(U.S. Government Not a Party)* |
| ☐ 2 U.S. Government Defendant | ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| | **PERSONAL INJURY** | | | ☐ 895 Freedom of Information Act |
| | ☐ 365 Personal Injury - Product Liability | | | |
| | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | |
| | ☐ 368 Asbestos Personal Injury Product Liability | | | |
| | **PERSONAL PROPERTY** | | | |
| | ☐ 370 Other Fraud | | | |
| | ☐ 371 Truth in Lending | | | |
| | ☐ 380 Other Personal Property Damage | | | |
| | ☐ 385 Property Damage Product Liability | | | |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | |
| ☐ 245 Tort Product Liability | ☒ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | |
| | | ☐ 550 Civil Rights | | |
| | | ☐ 555 Prison Condition | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | |
|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer |
| | | | | | ☐ 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Americans w/ Disabilites Act "ADA" (42USC12101)

Brief description of cause:
Violations of the ADA, PHRA and the Philadelphia Fair Practices Ordinance.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*
JUDGE                                       DOCKET NUMBER

DATE   9/19/2017

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #             AMOUNT             APPLYING IFP             JUDGE             MAG. JUDGE

| Print | Save As... | Reset |